## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| MIDAS INTERNATIONAL CORPORATION, :<br>a Delaware corporation, :<br>4300 TBC Way :<br>Palm Beach Gardens, Florida 33410 :<br>  :<br>     Plaintiff, :<br>  :<br>  v. :<br>  :<br>POULAH INVESTORS, LLC, :<br>a Maryland limited liability company :<br>8528 Piney Branch Road :<br>Silver Spring, MD 20901 :<br>*Montgomery County* :<br>   SERVE:  Atanis Kadjemse, Resident Agent :<br>           14536 London Lane :<br>           Bowie, MD 20715 :<br>  :<br>LAURENT DJAMPA :<br>11416 Woodview Drive :<br>Hagerstown, MD 20866 :<br>*Washington County* :<br>  :<br>CLOVIS DJEUTCHA :<br>1804 Mount Pisgah Lane, #34 :<br>Silver Spring, MD 20903 :<br>*Montgomery County* :<br>  :<br>ATANIS KADJEMSE :<br>14536 London Lane :<br>Bowie, MD 20715 :<br>*Prince George's County* :<br>  :<br>APOLIN POUGOUM :<br>3808 Lansdale Court :<br>Burtonsville, MD 20866 :<br>*Montgomery County* :<br>  :<br>MARTIN TEGANGTCHOUANG :<br>11700 Old Columbia Pike #114 : | Civil Action No. _____ |

*Montgomery County*   :
                      :
            Defendants.   :
_____:

### VERIFIED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF

Plaintiff, Midas International Corporation ("Midas"), by and through its undersigned counsel, hereby submits this Complaint and Demand for Injunctive Relief against Poulah Investors, LLC., Laurent Djampa, Clovis Djeutcha, Atanis Kadjemse, Apolin Pougoum and Martin Tegangtchouang (collectively the "Defendants").

### I. PARTIES

1. Midas is a Delaware Corporation whose principal address is 4300 TBC Way, Palm Beach Gardens, Florida 33410.

2. Poulah Investors, LLC ("Poulah") is a Maryland limited liability company whose address is 8528 Piney Branch Road, Silver Spring, Maryland 20901. Poulah can be served through its registered agent, Atanis Kadjemse, 14536 London Lane, Bowie, MD 20715.

3. Laurent Djampa ("Djampa") is a citizen and resident of Maryland whose address is 11416 Woodview Drive, Hagerstown, Maryland 20866.

4. Clovis Djeutcha ("Djeutcha") is a citizen and resident of Maryland whose address is 1804 Mount Pisgah Lane, #34, Silver Spring, Maryland 20903.

5. Atanis Kadjemse ("Kadjemse") is a citizen and resident of Maryland whose address is 14536 London Lane, Bowie, MD 20715.

6. Apolin Pougoum ("Pougoum") is a citizen and resident of Maryland whose address is 3808 Lansdale Court, Burtonsville, MD 20866.

7. Martin Tegangtchouang ("Tegangtchouang") is a citizen and resident of Maryland whose address is 11700 Old Columbia Pike #114, Silver Spring, MD 20904.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C, § 1338, this matter involving a federal question and arising under Acts of Congress relating to trademarks and unfair competition. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as at least one defendant resides in this judicial district and the rest of the defendants reside in Maryland.

9. Personal jurisdiction is proper in Maryland as the Defendants are all citizens and residents of Maryland and have, in addition, transacted business in Maryland with regard to the claims asserted herein.

## III. GENERAL ALLEGATIONS

10. Midas is a franchisor of automotive specialty shops that service and install exhaust systems, brake components, suspension parts, heating and cooling system parts, tires, batteries and other motor vehicle parts, performs services in connection with these sales, and performs general and scheduled vehicle maintenance services.

11. Midas has approximately one thousand franchises in the United States including approximately twenty-five franchises in Maryland, each doing business as "Midas" and "Midas Muffler Shops."

12. The relationship between Midas and each of these franchise locations is governed by franchise agreements that allow the franchisees, for a term of years, to use Midas's trademarks, service marks, trade dress and licensed methods in exchange for, among other things, royalties.

13. Midas is the owner of numerous United States Patent and Trademark registrations, copies of which are attached hereto as <u>Exhibit 1</u>, including the following (collectively the "Marks"):

   a. MIDAS, Registration Number 0655353, registered December 3, 1957;

   b. MIDAS and design, Registration Number 0641711, registered February 19, 1957;

   c. MIDAS, Registration Number 0657036, registered January 14, 1958;

   d. MIDAS and design, Registration Number 0716626, registered June 6, 1961;

   e. MIDAS and design, Registration Number 0700490, registered July 5, 1960;

   f. MIDAS MUFFLER SHOPS, Registration Number 07126627, registered June 6, 1961;

   g. MIDAS MUFFLER SHOPS and design, registration Number 0733724, registered July 3, 1962;

   h. MIDAS MUFFLER and design, Registration Number 0722195, registered October 3, 1961; and

   i. MIDAS MUFFLER SHOPS and design, Registration Number 0803611, registered February 8, 1966 (the "Pole Sign").

14. Midas has established a high reputation with the public as to the quality of its goods and services. The goodwill associated with such goods and services and embodied in the Marks has been and continues to be, a unique benefit to Midas and its franchisees.

15. Effective November 7, 1994, a company called J&D Automotive, Inc. ("J&D") entered into a franchise agreement (the "Franchise Agreement") with Midas that, among other things, licensed the use of the Marks for the twenty-year term of the Agreement. *See* <u>Exhibit 2</u>

attached hereto. J&D, in turn, opened a Midas franchise at 8528 Piney Branch Road, Silver Spring, Maryland.

16. Effective April 1, 2012, Poulah was assigned the franchise by J&D and agreed, along with Djampa, Djeutcha, Kadjemse, Pougoum and Tegangtchouang (collectively the "Guarantors"), to be bound by the Franchise Agreement. *See* Exhibit 3 attached hereto.

17. The Guarantors also executed a personal guarantee with regard to the monetary obligations of Poulah. *See* Exhibit 4 attached hereto.

18. In late 2014, Poulah was $13,624.95, delinquent on its financial obligations to Midas.

19. Even though the Franchise Agreement was expiring, Midas offered Poulah both the opportunity to renew its franchise if the default was cured or to extend the term of the franchise to give Poulah more time to review the renewal opportunity.

20. Poulah chose not to take advantage of either the opportunity to cure and renew or obtain an extension.

21. Consequently, on November 7, 2014, the term of the Franchise Agreement expired.

22. Nevertheless, Poulah continued to operate as a Midas.

23. Accordingly, on December 17, 2014 and January 14, 2015, Midas sent Poulah and the Guarantors letters reminding them of the post termination obligation in the Franchise Agreement to cease use of the Marks and otherwise cease holding itself as an authorized Midas franchisee. *See* Exhibits 5 and 6 attached hereto.

24. Furthermore, in the following months, Midas repeatedly has urged Poulah and Kadjemse, who serves as manager of the former Midas' franchise, to cease using the Marks and cease holding itself out as an authorized Midas franchisee.

25. Nevertheless, as of at least July 2015, the Defendants continue to use the Marks and, as most prominently evidenced by the picture attached as Exhibit 7, the Pole Sign into July of 2015. *See* Exhibit 7 attached hereto.

26. Additional evidence of Poulah's post expiration use of the Marks and franchise system include the distribution of business cards with the Marks (Exhibit 8 attached hereto) and invoices with the Marks through continued use of Midas' software.

27. Moreover, despite demand, Poulah and the Guarantors still refuse to pay the amounts owed to Midas.

### IV.  FIRST CLAIM FOR RELIEF
**(Infringement Under the Statutory Laws of the United States Against All Defendants)**

28. Midas incorporates herein all prior allegations.

29. Midas's exclusive right to use the Marks in connection with the advertising and selling of mufflers and related automotive services is evidenced by Midas's federal registrations of the Marks. The registrations for the Marks are in full force and effect, unrevoked and uncancelled. Moreover, the registrations for the Marks are *prima facie* evidence of the validity and subsistence of the Marks as well as Midas's ownership of and exclusive right to use the Marks in commerce without restriction or limitation. The Marks provide constructive notice of ownership as provided by the Trademark Act of 1946, 15 U.S.C.§§ 1057 and 1072.

30. Midas has developed a highly successful system for the advertising and selling of exhaust systems, brake components, suspension parts, heating and cooling system parts, tires, batteries, other motor vehicle parts and related automotive services. Midas has devised services, procedures and programs to enable those who license the Marks to compete more effectively in providing such goods and services. At present, there are approximately 1000 franchise owned

Midas muffler businesses in the United States, each of which is licensed to use the aforementioned Marks. All use of the Marks by such franchises and any company owned locations inures to the benefit of Midas pursuant to Section 5 of the Trademark Act of 1946, 15 U.S.C. § 1055.

31. Midas and its franchisees have developed a well-known business reputation in the United States. The Marks have been and continue to be widely publicized through extensive advertising in the United States. Many millions of dollars have been spent in connection with such advertising. As a result, consumers of Midas' goods and services in the United States have come to associate the Marks used by Midas and its franchisees with goods and services of a high and uniform quality, and sales of goods and services under the Marks, have been and are substantial.

32. As a result of these extensive advertising expenditures and substantial sales, the Marks owned by Midas are well and favorably known to the purchasing public as a distinctive indicator of the goods and services offered by Midas and its franchisees.

33. Despite Midas's established rights in the Marks, the Defendants used the Marks in connection with the sale of goods and services identical to those offered by Midas and its franchisees.

34. The Defendants used the Marks in connection with the sale of exhaust systems, brake components, suspension parts, heating and cooling system parts, tires, batteries, other motor vehicle parts and related automotive services in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and services sold or offered by the Defendants were rendered, sponsored, or otherwise approved by, or connected with Midas, which acts of the Defendants damaged and impaired that part of the goodwill symbolized by the Marks.

35. The Defendants' use of the Marks in the manner alleged constitutes infringement within the meaning of 15 U.S.C. § 1114(1).

36. The Defendants had actual knowledge of Midas's rights in the Marks during the time that they have conducted their infringing activities. Thus, the Defendants have in the past willfully and deliberately infringed Midas's rights in the Marks.

37. The Defendants' acts of infringement have caused irreparable injury, loss of reputation and pecuniary damages to Midas and its franchisees.

WHEREFORE, Midas seeks the relief requested at the end of this Verified Complaint.

### V. SECOND CLAIM FOR RELIEF
**(Unfair Competition Under the Statutory Law of the United States and Under the Common Law Against All Defendants)**

38. Midas incorporates herein all prior allegations.

39. The Marks were first used by Midas commencing in the 1950's.

40. The Defendants' use of the Marks long postdate Midas's use of the Marks.

41. The Defendants' use of the Marks are a violation of 15 U.S.C. § 1125(a) and, in addition, constitute common law trademark infringement.

WHEREFORE, Midas seeks the relief requested at the end of this Verified Complaint.

### VI. THIRD CLAIM FOR RELIEF
**(Breach of Contract against Poulah)**

42. Midas incorporates all prior allegations.

43. Poulah breached Section 8.7(a) of the Franchise Agreement by failing to pay Midas all sums due upon expiration its franchise rights.

44. Poulah breached Section 8.7(b) - (e) and (g) of the Franchise Agreement by using the Marks after its franchise rights expired.

45.     Midas has been damaged by Poulah's breaches of the Franchise Agreement.

WHEREFORE, Midas seeks the relief requested at the end of this Verified Complaint.

### VII.  FOURTH CLAIM FOR RELIEF
(Breach of the Guarantees Against the Guarantors)

46.     Midas incorporates all prior allegations.

47.     By virtue of the Assignment and Guarantee, the Guarantors guaranteed that Poulah would perform each and every covenant, payment, agreement and undertaking contained and set forth in or arising out of the Franchise Agreement.

48.     The Guarantors have breached the Guarantee by allowing Poulah to breach the Franchise Agreement in the manner set forth in the Third Claim for Relief.

49.     Midas has been damaged by the Guarantors' breach of the guarantees.

WHEREFORE, Midas requests the following relief:

a.      Pursuant to 15 U.S.C. § 1116, Poulah and the Guarantors and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise be enjoined from engaging in the following acts in Maryland and the United States or in foreign commerce:

    i.      Using the Marks in the service or sale of exhaust systems, brake components, suspension parts, heating and cooling system parts, tires, batteries, other motor vehicle parts and related automotive services;

    ii.     Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks;

    iii.    Otherwise infringing the Marks;

  iv. Unfairly competing with Midas, diluting the distinctiveness of Midas's well known Marks and otherwise injuring Midas's business reputation in any manner;

  v. Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

 b. Pursuant to 15 U.S.C. § 1118 that the Defendants be directed to deliver to Midas all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of the Defendants, that use the Marks;

 c. That Poulah and the Guarantors be required to file with the Court and serve on Midas within 30 days after the issuance of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with any injunction entered by the Court;

 d. That Midas be awarded damages and prejudgment interest for Poulah's and the Guarantors' infringement of the Marks in an amount to be proved at trial and that such damages be enhanced pursuant to 15 U.S.C. § 1117 as applicable;

 e. That Midas be awarded damages in an amount to be proved at trial for Poulah's and the Guarantors' breach of the Franchise Agreement and breach of the Guarantee including liquidated damages of a $100 per day as per Section 8.5 of the Franchise Agreement, interest and late fees;

 f. That pursuant to 15 U.S.C. § 1117, the Franchise Agreement and any other applicable rule or statute that the Defendants pay to Midas its costs and attorney's fees; and

 g. That Midas be granted such other, further, different or additional relief as the Court deems equitable and proper.

## VERIFICATION

I, Anthony Polito, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury under the laws of the United States that the VERIFIED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF is true and correct.

Dated this 27th day of July 2015.

_____
Anthony Polito
Franchise Business Consultant
Midas International Corporation

Respectfully submitted this 30th day of July, 2015.

LERCH, EARLY & BREWER, CHTD.

/s/ Stuart A. Schwager
Stuart A. Schwager, Esq.
3 Bethesda Metro Center, Suite 460
Bethesda, MD  20814
(301) 347-1271
(301) 347-1521 (f)
saschwager@lerchearly.com

OF COUNSEL

ROBINSON WATERS & O'DORISIO, P.C.

/s/ Harold R. Bruno, III
Harold R. Bruno, III, Esq.
Robinson, Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750 (f)
hbruno@rwolaw.com

Plaintiff's address:
4300 TBC Way
Palm Beach Gardens, Florida 33410