FILED \_\_\_\_ ENTERED
\_\_\_\_ LOGGED \_\_\_\_ RECEIVED

JUN 1 6 2017

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

MIDAS INTERNATIONAL CORPORATION,

    Plaintiff,

v.

POULAH INVESTORS, LLC, *et al.*,

    Defendants.

Case No.: GJH-15-2240

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Midas International Corporation ("Midas" or "Plaintiff") brought this action against Defendants Poulah Investors, LLC ("Poulah"), and Laurent Djampa, Clovis Djeutcha, Atanis Kadjemse, Apolin Pougoum, and Martin Tegangtchouang (the "Individual Defendants"), for breach of contract, trademark infringement, and other claims relating to the parties' Franchise Agreement. *See* ECF No. 1. Defendants Djampa and Pougoum were previously dismissed from the action. *See* ECF Nos. 31, 45, and 48. In an earlier Memorandum Opinion, the Court granted Plaintiff's Motion for Default Judgment against Defendant Poulah with respect to liability, and granted, in part, and denied, in part, the Motion with respect to damages. ECF No. 56 at 20.[1] The Court also granted Plaintiff's Motion Summary Judgment against the remaining Individual Defendants with respect to liability and damages for breach of the guaranty, but denied Summary Judgment with respect to the trademark infringement claim. *Id.* The Court instructed Plaintiff to file a subsequent motion for attorneys' fees and costs. *See id.* at 13, 19–20. Now pending before

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the Court is Plaintiff's Motion for Attorneys' Fees and Costs, ECF No. 58. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Attorneys' Fees and Costs is granted in the amount of $31,031.30 — including $30,020.00 in attorneys' fees and $1,011.30 in costs, previously assessed by the Clerk of Court, ECF No. 60 — with post-judgment interest to accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

## I. BACKGROUND

The facts of this case were fully set forth in the Court's previous Opinion, ECF No. 56. Midas, a franchisor of automotive specialty shops, entered into a franchise and trademark agreement (the "Franchise Agreement") with J&D Automotive in 1994. *See* ECF No. 1 ¶ 15; ECF No. 35-1 at 3, 27–43. The Franchise Agreement allowed J&D to assign its rights under the Agreement to another party, subject to Midas' consent. ECF No. 35-1 at 34–35. In 2012, J&D assigned the Franchise Agreement to Poulah Investors, LLC. ECF No. 1 ¶ 15–16; ECF No. 35-1 at 3; 44–48. The Individual Defendants were named as Related Parties and Guarantors of the Agreement. ECF No. 35-1 at 44, 49–51. Under the Agreement, the Franchisee agreed, among other things, to pay monthly royalties to Midas, *see id.* at 28, and in the event the Agreement were terminated, the Franchisee would "immediately and permanently discontinue" use of the Midas trademark, *see id.* at 39. The Franchise Agreement further provided that if Midas were required to obtain counsel or otherwise incur legal expenses under the Agreement, Midas would be entitled to recover attorneys' fees and costs. *Id.* at 41.

When the parties' Franchise Agreement was set to expire in November 2014, Poulah was delinquent in its financial obligations to Midas. *See* ECF No. 1 ¶ 18; ECF No. 35-1 at 5. The Franchise Agreement expired on November 7, 2014. ECF No. 35-1 at 5–6. Poulah continued to operate as a Midas shop and use the Midas logo and trademark, despite the termination of the

Agreement. *See* ECF No. 1 ¶ 25; ECF No. 35-1 at 6, 60. Midas subsequently brought suit for trademark infringement against all Defendants, breach of contract against Poulah Investors, and breach of the guaranty against the Individual Defendants. *See* ECF No. 1.

Upon Plaintiff's Motion for Default Judgment against Poulah and Summary Judgment against the remaining Individual Defendants, the Court entered judgment in favor of Plaintiff against Poulah for trademark infringement and breach of contract, and against the Individual Defendants for breach of the guaranty. *See* ECF No. 56; ECF No. 57. Plaintiff has now filed a Motion for Attorneys' Fees and Costs, ECF No. 58. Defendants have not responded to Plaintiff's Motion, and the time for doing so has passed.

## II. STANDARD OF REVIEW

"Maryland follows the common law 'American Rule,' which states that, generally, a prevailing party is not awarded attorney's fees. [But] [c]ourts make exceptions where [as here] the parties to a contract have an agreement that authorizes recovery of attorney fees." *Hearn Insulation & Improvement Co. v. Bonilla*, No. 09-CV-00990-AW, 2011 WL 220091, at *1 (D. Md. Jan. 21, 2011), *aff'd*, 456 F. App'x 311 (4th Cir. 2011) (citing *Nova Research, Inc. v. Penske Truck Leasing Co., L.P.*, 405 Md. 435 (Md. 2008)). Additionally, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the prevailing party is entitled to costs from the non-prevailing party.

The starting point for determining the proper amount of a fee award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. 424, 433 (1983); *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

3

*Hensley*, 461 U.S. at 437. The court shall adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek Coal Sales*, 31 F.3d at 175 (citing *Hensley*, 461 U.S. at 437).

In this jurisdiction, a motion requesting an award of attorneys' fees and costs must follow Loc. R. 109 and Appendix B (D. Md. July 1, 2016). Loc. R. 109(2)(b) provides that:

> Any motion requesting the award of attorneys' fees must be supported by a memorandum setting forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, [and] any additional factors . . .

Loc. R. 109(2)(b). Appendix B provides Guidelines Regarding Hourly Rates for lawyers, based upon length of time admitted to the bar. *See* Loc. R. app. B(3).[2]

### III. ANALYSIS

Section 10.4 of the parties' Franchise Agreement provides for attorneys' fees and related expenses, stating in relevant part that:

> In the event Midas is required to employ legal counsel or to incur other expense to enforce any obligation of Franchisee hereunder, or to defend against any claim, demand, action, or proceeding by reason of Franchisee's failure to perform any obligation imposed upon Franchisee by this agreement, and provided that legal action . . . establishes Franchisee's default hereunder, then Midas shall be entitled to recover from Franchisee the amount of reasonable attorneys' fees of such counsel and all other expenses incurred. . .

ECF No. 35-1 at 41. This Court previously entered judgment in favor of Midas. *See* ECF No. 56. Midas now submits its Memorandum and documentation in support of its request for attorneys'

---

[2] Lawyers admitted to the bar for less than five (5) years: $150-225. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425. Lawyers admitted to the bar for twenty (20) years or more: $300-475. Paralegals and law clerks: $95-150. Loc. R. app. B (D. Md. July 1, 2016).

4

fees. Midas attaches the Declarations of Harold R. Bruno, III of Robinson, Waters, & O'Dorisio, P.C. ("RWO"), and Stuart A. Schwager of Lerch, Early & Brewer, Chtd. ("LEB"), the two firms that represented Midas in this action. Midas seeks $25,939.00 in attorneys' fees for the work of RWO and $4081.00 for the work of LEB, totaling $30,020.00. ECF No. 58 at 8.

Mr. Bruno, of RWO, attests that he has been licensed to practice law since 1985, and therefore requests an hourly rate of $325 and $250. ECF No. 58-1 ¶¶ 2, 8. Bruno further requests hourly rates between $185–$340 per hour for other attorneys at his firm, which Bruno attests are within the reasonable hourly rates set forth at Appendix B of the Local Rules. *Id.* ¶¶ 8–9.[3] RWO attaches Account Statements, breaking down the hours expended on this matter by date, individual, description of work, time, and hourly rate. ECF No. 58-2 at 1–6. RWO has also noted the litigation phase during which each task was conducted. *Id.* RWO further provides a statement of costs and expenses. *Id.* at 5. Mr. Bruno attests that the firm subtracted $1914.00 for fees incurred on matters unrelated to the judgment entered. ECF No. 58-1 ¶ 6. Therefore, the total requested amount for the work of RWO is $25,939.00. *Id.* ¶ 7. The Court finds this amount to be reasonable. *See First Bankers Corp. v. The Water Witch Fire Co. Inc.*, No. CIV.A. RDB-09-975, 2010 WL 3239361, at *1 (D. Md. Aug. 16, 2010) ("When the applicant for a fee has carried [its] burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.") (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

---

[3] Mr. Bruno attests to the reasonableness of these rates without attaching additional affidavits or support verifying the years of practice for the other RWO attorneys. Nonetheless, the Court notes that publicly-available information appears to corroborate the respective years of practice and requested rates for each of the RWO attorneys named in this matter.

Mr. Schwager, of LEB, testifies that he has been licensed to practice law since 1992, and requests a reasonable hourly rate of $385.00.[4] ECF No. 58-3 ¶¶ 2, 6. Schwager also attaches Professional Services Invoices breaking down the hours expended by description of services, hours, and rate. ECF No. 58-4 at 1–9. This provides sufficient documentation. *See, e.g., Louers v. Lacy*, No. CIV. JKS-10-2292, 2011 WL 6258469, at *2 (D. Md. Dec. 14, 2011) (noting that counsel "sufficiently documented the time billed" where counsel had provided a table of expenditures). Schwager further attests that costs included a $400.00 filing fee, and private process service of $685.00, which was reduced proportionally by the attempted or actual service on Defendants Djampa and Pougoum. ECF No. 58-3 ¶ 12. Thus, LEB requests a total of $4081.00 in fees and $1,011.30 in costs. The Court likewise finds these amounts reasonable considering the tasks undertaken in this matter. *See, e.g., Hanover Ins. Co. v. Persaud Companies, Inc.*, No. GJH-13-472, 2015 WL 4496448, at *4 (D. Md. July 22, 2015) (finding request for fees reasonable when hourly rates comported with Appendix B and court had independently reviewed the number of hours worked).[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs is granted against Defendants Poulah Investors, LLC, Clovis Djeutcha, Atanis Kadjemse, and Martin Tegangtchouang, jointly and severally, in the amount of $30,020.00 in attorneys' fees and

---

[4] Mr. Stuart A. Schwager was the only attorney from LEB that worked on this case. *See* ECF No. 58-4 at 1–9.
[5] In its Motion for Attorneys' Fees, Plaintiff indicated that a motion to dismiss the remaining trademark claims would be filed, but no such filing was ever made. ECF No. 58 at 3. Additionally, the Court has previously indicated that Plaintiff appears to have abandoned its claim of unfair competition. ECF No. 56 at 17 n.10. Thus, the remaining counts in this case will be dismissed as abandoned.

$1,011.30 in costs, which were previously taxed in favor of Plaintiff by the Clerk of Court. Post-judgment interest will accrue at the statutory rate set forth at 28 U.S.C. § 1961. A separate Order shall issue.

Date: June 16, 2017

_____
GEORGE J. HAZEL
United States District Judge